Good morning, Your Honors. I am Edgaro Quintanilla for Quintanilla Law Firm on behalf of Ms. Arenas, Petitioner. This is an immigration case. The underlying relief, one of the underlying relief at issue is the issue of suspension of deportation and the application of this time rule as implemented by passage of IRA-IRA, a new law that took effect on April 1, 1997. The first time my client appeared before an immigration court was on June 25, 1996. By the time my client appeared before the IJ, the client had already had seven years of physical presence in the United States. Because in order to qualify for suspension, she needed to show seven years of physical presence, good moral character, and extreme hardship. The IJ subsequently in February of 1997, actually it was in April, sometime in April 1997, preterminated the case saying that passage of a new law, IRA-IRA, had put a stop to the accruing of time for the purposes of the seven years of physical presence. The government has taken the position that the OSC, the date of the OSC, cuts off the time relevant to the seven years of physical presence. The court should note that the first time my client appeared, at the first time my client appeared before the immigration court on June 25, 1996, my client already had seven years of physical presence. But not at the time that the OSC was issued. That is correct. Not at the time. However, that becomes only relevant at the time when the OSC was issued to the client. The long-in effect was that my client could continue to accumulate seven years of physical presence. By the time she presented herself before the IJ to plead her case, she was eligible for suspension of deportation. But IRA-IRA makes it pretty clear, doesn't it, that it is the time of the OSC that counts. That is correct. And we have already held that IRA-IRA is retroactive. That is correct, Your Honor. This panel is not going to be able to undo that. No, Your Honor. Certainly not. However, relevant to this case is this Barahona case. Barahona case is a litigation that basically carves out an exception for people who had OSCs in order to show causes for deportation hearings prior to April 1, 1997. Counsel, I have a question about that. Are you contending that the BIA addressed the case? I believe it did address it. However, we believe it did or did not. I believe it did address it. Can you point me to the record where it's indicated? It's one of the first pages in the case. The court did address this particular case that the government mentions, the Ryan case, and I'm looking for the Barahona. Page 3 of the administrative record in footnote 1, the BIA notes that you filed a motion to reopen under Barahona on April 1st and that that was denied on August 1st. Subsequent to that time, you filed a motion to reopen the Barahona. Has BIA acted on that? No, the BIA has not acted on that. What are we supposed to do with that? You filed a motion to reopen on August of 2003, and that is not referred to in the BIA's order in this case. That is correct. What is referred to is the argument in Barahona, footnote 1. The question that Barahona said is what are we to do with that? Yes, Your Honor. The status is you have a motion that's still pending. Yes, you can remand it to the BIA to clarify this issue, Your Honor. Pursuant to Ventura B-I-N-S, to allow the administrative appellate body to decide this issue. But do they need us to remand in order to decide that motion? Don't they just have to decide it? They should have decided, Your Honor. At least it should have been rejected as saying we don't have any jurisdiction or it's not relevant. We already decided it. I thought we just agreed that you had filed a motion to reopen on August 5, 2003, and that has not been acted on. That is correct, Your Honor. The thing is that there was a motion, another motion, arguing that an asylum case should be considered, that my client should be considered for an asylum. And those two issues were joined together. That was the purpose of my question. Where in the record does it show that the BIA acted upon that motion? Isn't that motion still floating around? Well, you can argue that it's still floating around, Your Honor, certainly. It's not, for purposes of clarifying that ambiguity, we contend that the court can remand this issue to the BIA pursuant to Ventura B.I.N.S. The relevance, the government argues the RAMP case in this particular case. We believe that the RAMP case does not apply because the RAMP case came to this court basically arguing that after the BIA has decided the issue of the seven years, even though the case was before this court, that a person could still move to reopen the case. I hate to interrupt your argument at this point, but I'm still confused about one thing. The Barahona matter, you still have a motion pending before BIA. Does the fact that that is pending, does that impair our ability to decide the remainder of your claims here? No, Your Honor. You're not impairing. We have jurisdiction then to proceed with the other matters that you have presented to us. Certainly. You have jurisdiction to decide as to whether the BIA abuses discretion in rejecting the asylum claim on my client. You have jurisdiction to decide whether the case should be remanded for purposes of clarifying whether that particular motion is pending as well. In the asylum case, we were contending that the client was presenting new evidence. The BIA rejected the asylum claim saying that there was no new asylum application, even though the record is clear that there is an asylum that is already in the file on my client. Yes, I mean, there was an attorney who withdrew the asylum claim. It was not my client who withdrew it, but there is an asylum form which is already in the file. And by arguing to the BIA new relevant and material facts of making an asylum claim, so the BIA should have remanded that particular case to the immigration court to consider the asylum claims. That has not taken place in this case. You have under two minutes left. Do you want to save it for rebuttal? I would, Your Honor. Thank you very much. Good morning. May it please the Court, my name is Cindy Farrier and I'll be representing the Attorney General in this matter. First, I'd like to start with your questions regarding the petitioner's, what we're calling a motion to reopen about the Barahona denial. I should make clear that that particular pleading was not actually a motion to reopen to the Board. In fact, it's entitled, A Written Challenge to the Denial of Barahona Motion to Reopen. And that's at page nine of the record. How can I accept the record if I recall? I don't have it here, but I think that's how it was labeled by the agency. That's how it was labeled by petitioner. And it was actually sent pro se by petitioner. No, no, I don't mean the, I mean the motion to reopen. I know he labeled it challenge to whatever it was, as you just stated. But in the administrative record, it's filed in there, and I assume, who compiled that, the index? Who designates? I believe it's paralegals within our office. It's within your office, and your office designates this as a motion to reopen. Well, they do. That actually is an incorrect designation. What this actually... It may be, or it may not, but that's what your office has treated it as, a motion to reopen. Well, just to be clear, what this was filed under, or in response to, was the notice that was attached to the actual denial of the motion to reopen, the Barahona motion to reopen, which was issued on... It's probably best treated as a motion to reconsider. Well, I guess what I'm trying to make clear is this actually was a letter sent in response to the settlement agreement, which allows for alternative dispute resolution. And alternative dispute resolution allowed that if a person disputed what the board determined, such that the board, in this case, the board found that the alien wasn't a class member, a Barahona, the alien, pursuant to the dispute resolution aspect of the settlement agreement, could then file a written challenge to that determination, and send it to Dave McConnell within our office, within OIL, and to Linton Joaquin, who was the plaintiff's attorney within Barahona Gomez. And then our office... Then we allow for a response from our office, and petitioner can then take, after that response is received, can then take that to the district court, or if no response is received, can then also proceed to the district court within 90 days. And that's all set out in the Barahona settlement agreement at... So you're suggesting that this was a request to get to the district court? Yes, this is a request that's collateral to this process here, to the petition for review. But under the settlement agreement, and it's set out a little more clearly in the actual notice that is attached to the board's denial of the Barahona motion, which would be found at... pages 27 and 28 of the record. Which is, that's where... So they denied the motion to reopen for Barahona Gomez, finding that he wasn't a member of that class, and they attached the notice to the petitioner, which would allow him to challenge that under the terms of the settlement agreement. And so that particular notice is to be, if there is a written challenge, it's to be sent to the attorneys that actually handled the Barahona case, and then further review can be sought within the district court, if need be. In this particular case, our office actually didn't receive the copy of this letter that is contained in the file, until approximately six months after the board's decision, at which time the board forwarded over a courtesy copy to Mr. McConnell within our office. Because the 30-day response period for our office to respond had already passed, and it wasn't timely received by our office, we actually didn't file a response. That doesn't mean that the petitioner was precluded from going to the district court, if he so chose. And in addition, the settlement agreement does not expressly preclude an alien from still filing a petition for review from that decision with this court. And that's what our brief sets out, is that the petitioner failed to file a petition for review on the Barahona question. So your contention is that the purpose of this letter was not to seek a reopening, it was simply to preserve her rights to go into the district court and challenge. Correct. Which she failed to do. And she failed to file a notice of appeal. Correct. From that decision. Yeah. So it was a separate procedure, and so this procedure here before the court, the court can go ahead and consider it. Had he filed a petition for review, there is a case in this court, Sotelo, in which the court did find that it had jurisdiction to consider the issue of whether an alien was in fact a class member. But here, because the petitioner did not file a petition for review, it's the government's position that he waived that particular challenge then here before the court. So, if the court though were to find that it did have jurisdiction to actually get to the Barahona issue and to whether in fact the alien was a member of the Barahona class, it's clear from the record that the petitioner's attorney at the time requested the continuance of the hearing such that his hearing was continued after the date that Herrera took effect and the stop time rule thus kicked in to cut petitioner out of the eligibility for suspension of deportation. And the settlement agreement makes quite clear that Barahona was intended to cover persons that were affected by directives issued by the chief immigration judge. And the transcript makes clear that there was no mention of any specific directive or that the continuance request came from anyone other than the petitioner himself. And in fact, the date of the continuance was the date that the directive was issued. So it's quite likely that the immigration judge didn't even know about the directive at the time. So your bottom line with this case is what should we do with it? With this case, you should deny the petitioner for review. Petitioner, the Barahona issue is out. Petitioner is not a member of the Barahona class even if the court did have jurisdiction to look at it. With regard to the asylum claim, petitioner had withdrawn the asylum application through his first attorney. To the extent that he's claiming that that was ineffective assistance of counsel, he hasn't complied with Lazada. He also didn't make clear why he never asked when he had new counsel, second counsel, in between the present counsel here, to renew the asylum request. And over a period of three years, there was that opportunity, okay. And at least four hearings. And at one point, the judge didn't ask specifically about persecution, but did ask whether petitioner was married. And she just mentioned that her husband had been killed in an accident that didn't go any further into anything. And then even if the court were to, or even as the board did here, consider whether petitioner's motion to reopen was based upon new facts, which would therefore be a basis for asylum. Petitioner didn't make out a prima facie case for asylum in the fact that the affidavit that's attached to the motion doesn't set forth clearly enough the details of the persecution that she claims to have experienced or that she fears. So our position is that the petition for review should be denied in all aspects. Thank you, counsel. Your Honor, it's just briefly at page 63 of the record in the motion to reopen making the claim for asylum my client asserted that since her departure from Colombia several of her relatives in Colombia have received death threats. Are you talking about the merits as to why the asylum application would be sufficient if we ever reached it? I don't understand the question, Your Honor. All right. You're answering counsel's last point that even if you overcame all the procedural obstacles the application doesn't make out a sufficient case. Is that what you're dealing with here? Yes, Your Honor. I think that's the least of the problems. The problem is how do we reach that question in view of the Board's ruling that you waited too long to ask for to withdraw to reinstate the asylum case? I believe when new facts are available that the new facts can be presented in seeking to have a case remanded and that was the that was the What new facts? The new facts about the continuing death threats that their son had continued to receive death threats. You're not complaining about the fact that the asylum application was withdrawn? You're saying that now there are facts that would allow an asylum application? She's asserting an asylum claim that has been in I-589 in asylum form in parts part of the file and she wants to restart the process of consideration for asylum and she presented an affidavit in support of her argument. But she wouldn't have the time the necessary seven years? That is correct as to suspension of the petition. You're right. The asylum The asylum You're not relying on the fact that the asylum petition should not have been withdrawn when it was you're saying instead that while the case was after the case was over before the immigration judge that's when the new facts were learned? No, the new facts that she's learning she's learning about these new facts and she's asserting these new facts while the BIA has not made a final decision. When did she discover these new facts? The affidavit is not clear as to And when did she first assert these new facts? This was filed with a motion to reopen filed in September 2001 that's when the administrative record at page 61 that's when the motion to remand for adjudication of asylum and withholding was filed and received by the Board of Immigration Appeals, Your Honor. If I may add just one point about the counsel's claim counsel asserted to you that her agency did not receive a copy of the written challenge to Barahona on time that particular fact But she says that challenge has to do with your right to go to district court That is correct And they were not supposed to rule on that challenge That is correct And did you go to district court? No, Your Honor, because there was never any response because her agency is obligated to provide a response to the client within 30 days They never responded And if they don't respond, you can't go to district court? I don't know that But you also could file a petition for review in this court You had alternative solutions there You could either go to the district court or you could file a petition for review in this court Well, our argument is that yes, yes, you could do that But you didn't do either of those things Right, that's correct, Your Honor Thank you for your consideration Thank you
judges: Reinhardt, D.W. Nelson, Bybee